UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOYLE WHENRY** ) | Case Number |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **WELTMAN, WEINBERG & REIS** ) | |
| **CO., L.P.A.** ) | **JURY TRIAL DEMANDED** |
| **&** ) | |
| ) | |
| **CAPITAL ONE BANK (USA), N.A.,** ) | |
| *f/d/b/a Direct Merchants Bank* ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Doyle Whenry, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Doyle Whenry, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices as well as Breach of Contract and Civil Conspiracy against both Defendants.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant, Weltman, Weinberg & Reis Co., L.P.A. has a principal place of business in this District.

## III.  PARTIES

4. Plaintiff, Doyle Whenry, is an adult natural person residing at 414 Elm Street, Grove City, PA 16127.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. (hereafter, Defendant W,W&R), at all times relevant hereto, is and was a legal professional association engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6. Defendant, Capital One Bank (USA), N.A. (hereafter, Defendant Capital One) at all times relevant hereto, is and was a National Association engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the Commonwealth of Pennsylvania and has a address at 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110 with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are a "debt collector" as defined by the FDCPA, 15

U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. In or around 2009, Plaintiff attempted to use the assistance of Consumer Credit Counseling Services to settle his Direct Merchants Bank MasterCard debt.

9. Plaintiff became aware that Direct Merchants Bank MasterCard did not accept the proposal from Credit Consumer Counseling after four months, resulting in the account to be transferred for collection to Defendant, W,W&R.

10. In or around October 2009, Plaintiff received a phone call from one of Defendant, W,W&R's female agents attempting to collect on the alleged Direct Merchants Bank MasterCard debt.

11. Plaintiff was said to owe a balance of approximately $10,500.00.

12. Defendant W,W&R's female agent informed Plaintiff that she was attempting to collect a debt on behalf of Defendant W,W&R in the amount of approximately $10,500.00 for a Direct Merchants Bank MasterCard debt.

13. At that time Defendant W,W&R's female agent demanded Plaintiff pay the debt in full or Defendant W,W&R's would get a judgment against Plaintiff.

14. Plaintiff politely stated that he could not afford a payment that high.

15. Defendant W,W&R's female agent aggressively stated that the lowest payment they could accept is $239.47 a month if Plaintiff made a payment in the amount of $1,000.00 that month.

16.     Plaintiff, unable to bear the harassment and humiliation any longer, agreed to the payment plan.

17.     On or around October 30, 2009, a payment in the amount of $1,000.00 was withdrawn from Plaintiff's bank account.

18.     On or around October 15, 2009 to February 15, 2010, payments in the amount of $239.47 were withdrawn from Plaintiff's bank account each month.

19.     In or around February 2010, Plaintiff received a phone call from Defendant W,W&R's agent demanding Plaintiff to pay $260.00 a month.

20.     In fear that Defendant W,W&R's would garnish his wages, Plaintiff agreed to pay $260.00 a month.

21.     On or around March 15, 2010 to March 15, 2013, payments in the amount of $260.00 were withdrawn from Plaintiff's bank account each month.

22.     On or around April 5, 2012, Plaintiff received a letter from Defendant W,W&R showing a balance due of approximately $6,862.25.

23.     On or around March 5, 2013, Plaintiff received a letter from Defendant W,W&R showing a balance due of approximately $4,002.25.

24.     On or around April 5, 2013, Plaintiff received a letter from Defendant W,W&R showing a balance due of approximately $3,742.25.

25.     On or around April 15, 2013, Plaintiff took notice that Defendant W,W&R had not withdrawn April's payment in the amount of $260.00 from his bank account.

26.     Defendant W,W&R never contacted Plaintiff to explain why April's payment had not been withdrawn from Plaintiff's bank account.

27. In or around April 2013, Plaintiff contacted Defendant W,W&R to discuss the alleged Direct Merchants Bank MasterCard debt.

28. Defendant W,W&R claimed that the account was no longer with W,W&R and had been transferred to Defendant, Capital One, which had now purchased and taken over Direct Merchants Bank MasterCard credit card accounts.

29. Defendant W,W&R continued to state that the last statement would be mailed to Plaintiff showing a balance of approximately $3,482.25.

30. In or around May 2013, Plaintiff received a statement from Defendant, Capital One, alleging Plaintiff owes approximately $7,794.05 with a minimum payment of $494.00 a month, $4,311.80 more than Defendant, W,W&R's ending balance.

31. Plaintiff immediately contacted Defendant, Capital One, whom denied any communication with Defendant, W,W&R but admitted to receiving payments from them on the alleged debt.

32. Defendant, W,W&R alleged that Defendant, Capital One, had "just not received the up-to-date balance that Defendant, W,W&R had mailed them" and "Plaintiff should see the change soon".

33. Defendant, Capital One, alleged "Plaintiff was deceived by Defendant Weltman, Weinberg & Reis".

34. Defendant, Capital One, and Defendant, W,W&R both refuse to send Plaintiff any information as to his total payments.

35. Defendant, Capital One, continues to charge Plaintiff late fees.

36.     In or around June 2013, Plaintiff received a statement from Defendant, Capital One, alleging Plaintiff owes approximately $8,006.70 with a minimum payment of $752.00.

37.     On or around May 31, 2013, Plaintiff mailed a letter to Defendant, Capital One, disputing the alleged debt.

38.     After receiving no response from Defendant, Capital One, on or around June 11, 2013 Plaintiff mailed another dispute letter to Defendant, Capital One.

39.     On or around May 31, 2013, Plaintiff also mailed a dispute letter to Defendant, W,W&R.

40.     After receiving no response from Defendant, W,W&R, on or around June 11, 2013, Plaintiff mailed another dispute letter to Defendant, W,W&R.

41.     After receiving no response to Plaintiff's dispute letters to both Defendant, W,W&R and Defendant, Capital One, Plaintiff contacted the Pennsylvania Attorney General's office.

42.     On or around July 8, 2013, Plaintiff received a letter from Defendant, Capital One, stating that "as payments on the account were made every month, on April 29, 2013, Plaintiff's account was recalled from the agency."

43.     The July 8, 2013 letter from Defendant, Capital One, also states "I have confirmed that as of July 1, 2013, Plaintiff's account balance is $3,742.25."

44.     On or around July 8, 2013, Plaintiff received a statement from Defendant, Capital One, alleging Plaintiff owes approximately $8,218.18 with a minimum payment of $1,011.00.

45. On or around July 8, 2013, Plaintiff contacted Defendant Capital One's agent "Cierra Hammond" who stated Plaintiff should continue making payments to "NAN".

46. Plaintiff never made payments on the alleged debt to "NAN" and Plaintiff didn't know what "NAN" was.

47. Plaintiff immediately contacted Defendant, W,W&R to discuss the alleged debt.

48. Defendant W,W&R's agent became very angry and stated the account was closed.

49. The Defendants acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

50. The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

51. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

52. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

53. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

*Plaintiff v. Defendant, W,W&R*

54. The above paragraphs are hereby incorporated herein by reference.

55. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

56. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |

§§ 1692f             Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
*Plaintiff v. All Defendants*

57. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

58. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

59. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

60. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

61. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

62. Violations of the FDCPA is a *per se* violation of the FCEUA and the UTPCPL.

63. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

64. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
*Plaintiff v. All Defendants*

65. The foregoing paragraphs are incorporated herein by reference.

66. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

67. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

68. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

    a. Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

69. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

70. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. An Order declaring that Defendants violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT IV - BREACH OF CONTRACT

*Plaintiff v. All Defendants*

71. The above paragraphs are hereby incorporated herein by reference.

72. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

73. Plaintiff fulfilled his contractual obligation by making payment timely.

74. Defendants failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a.  Actual damages;

b.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.  Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT V - CIVIL CONSPIRACY

*Plaintiff v. All Defendants*

75. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 74, inclusive, of this complaint as though fully set forth herein.

76. Plaintiff alleges that all Defendants entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA even after knowing of the settlement agreement in place with the Plaintiff.

77. The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

78. Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants' financial gain.

79. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

80. As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, all of them, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: July 26, 2013               BY: */s/Brent F. Vullings bfv8435*
                                  Brent F. Vullings, Esquire
                                  Vullings Law Group, LLC
                                  3953 Ridge Pike
                                  Suite 102
                                  Collegeville, PA 19426
                                  P: 610-489-6060
                                  F: 610-489-1997
                                  Attorney for Plaintiffs
                                  bvullings@vullingslaw.com